IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re: Subpoena Served Upon** ) | |
| **Leland Schermer** ) | Misc. No. 2:15-mc-122 |
| ) | **Electronic Filing** |
| ) | |
| ) | Megdal Associates, LLC v. |
| ) | La-Z-Boy Inc., 14-81476 – CIV – |
| ) | ZLOCH |
| ) | Underlying Case - S.D. of Fla. |

## **MEMORANDUM ORDER OF STAY**

AND NOW, this 27th day of May, 2015, upon due consideration of the motion for protective order filed by Leland Schermer and the parties' submissions in conjunction therewith, IT IS ORDERED that the [1] the motion be, and the same hereby is, taken under advisement until such time as La-Z-Boy makes a decision and provides this court with notice as to whether it will proceed with a Rule 30(b)(6) deposition of Megdal Associates and/or a deposition of Leland Schermer & Associates, P.C.;

IT FURTHER IS ORDERED that the deposition of Leland Schermer as a witness in any capacity is stayed until an order on the pending motion for a protective order is issued; and

IT FURTHER IS ORDERED that [4] La-Z-Boy's cross motion to compel compliance be, and the same hereby is, granted to the extent it seeks relief consistent with the orders above and denied in all other aspects.

At this juncture the court is unable to determine with any degree of accuracy whether the anticipated noticing of multiple depositions involving Leland Schermer will come to fruition, which in turn has a direct bearing on whether the harm perceived by the movant will materialize and give rise to a need to rule on the motion for protective order; or the matter will be rendered moot by La-Z-Boy deciding to forego a Rule 30(b)(6) deposition of Megdal Associates and

Leland Schermer & Associates, P.C.. La-Z-Boy has control over this decision: in the event it notices a Rule 30(b)(6) deposition of Megdal Associates and/or Leland Schermer & Associates, then the court can determine whether, and if so, to what degree, relief should be granted pursuant to the protective order; in the event it elects to forego a Rule 30(b)(6) deposition of Megdal Associates and Leland Schermer & Associates, then the matter will be moot and there is no need for the court to consider and make a ruling on the motion for a protective order. Such clarity also may inure to La-Z-Boy's benefit: in the event it is determined that relief should be granted, then it can be better determined whether the day and time limitations proposed by the movant are warranted given the scope of discovery which will then be identified.

In contrast, simply denying the motion for a protective order at this time and permitting the deposition of Leland Schermer as a fact witness to proceed would effectively place the matters raised in the motion beyond the court's ability to resolve, and if, appropriate, provide effective protection. La-Z-Boy's equivocation about whether it will pursue the multiple depositions cannot serve as a sound basis for the court's resolution of such matters. Consequently, the above orders taking the motion under advisement and staying the deposition of Leland Schermer in any capacity until La-Z-Boy is sufficiently informed and makes binding decisions about its discovery needs strikes the appropriate balance between issuing an advisory order or failing to consider and address the need for potential relief raised in the pending motion.

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Stanley M. Stein, Esquire
Adam B. Landa, Esquire
Brian T. Feeney, Esquire

(*Via CM/ECF Electronic Mail*)